SONKEN–GALAMBA et al. v. ATCHISON, T. & S. F. RY. CO. et al.

No. 124.

District Court, W. D. Missouri, W. D.

Feb. 13, 1941.

See, also, 34 F.Supp. 15.

I. J. Ringolsky, William G. Boatright, and Harry Jacobs, of the firm of Ringolsky, Boatright & Jacobs, all of Kansas City, Mo., for plaintiffs.

R. S. Outlaw, of Chicago, Ill., and Lathrop, Crane, Reynolds, Sawyer & Mersereau, George J. Mersereau, and Dean Wood, all of Kansas City, Mo., for defendant Atchison, T. & S. F. Ry. Co.

Cooper, Neel & Sutherland, by Ellison A. Neel, of Kansas City, Mo., Carl S. Hoffman, of St. Louis, Mo., Hobert Price, of Dallas, Tex., and James T. Blair, of St. Louis, Mo., for Missouri-Kansas-Texas R. Co. and Missouri-Kansas-Texas R. Co. of Texas.

T. D. Gresham, of Dallas, Tex., for Texas & P. Ry. Co.

OTIS, District Judge.

The questions presented by this motion for instructions concern the interpretation of parts of Rule 75, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

It is provided in that rule, in paragraph (a), that, when an appeal is taken, "the appellant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal." It is further provided that within ten days after such designation has been served and filed, "any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included." It is provided in paragraph (b) that if there be designated for inclusion any evidence which was stenographically reported, "the appellant shall file with his designation two copies of the reporter's transcript * * *. If the designation includes only part of the reporter's transcript, the appellant shall file two copies of such additional parts thereof as the appellee may need to enable him to designate and file the parts he desires to have added, * * *."

In this case appellants have filed such a designation as the rule contemplates, a designation which includes much of, but not all, the evidence. Also the appellants, since their designation did not include all the evidence, have filed two copies of the reporter's transcript of all the testimony with the clerk.

It is provided in paragraph (c) of the rule that: "Testimony of witnesses designated for inclusion need not be in narrative form, but may be in question and answer form." If it is in narrative form, it is provided, also in paragraph (c), that "any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof."

Two questions have been argued here. There is also a third question, subordinate to the principal questions argued.

The two questions are these. 1. In a case in which the appellant has not designated certain portions of the transcript to be included and has not narrated such portions, if the appellee desires that those omitted portions shall be included, is it the duty of the appellee or the appellant to file such omitted portions? 2. The second question is, if the appellant has narrated a certain part of the testimony and the appellee is not satisfied with that narration, is it the appellee's duty *to file* in lieu thereof the testimony in question and answer form or merely *to designate* what parts he desires filed in question and answer form and must the appellant then file such substituted parts?

It appears from the argument of learned counsel that neither of these questions has been considered by any court whose opinion has been published. But it does not seem to me that the questions are difficult. I think the answer to each question is to be found in the language which is used in the rule. I shall state my reasons for my conclusions.

I think it is the duty of the appellee, if any part of the evidence has been omitted in the designation of appellant, to prepare and to file such omitted parts. They may be filed, I am certain, in view of what is said in paragraph (c), in narrative form. The appellant is required to file two copies of those parts of the evidence which have not been designated by the appellant. File with whom? Obviously, the appellant is required to file the copies *with the clerk of the court*. They become, when they have been filed, a part of the records of the court. The appellant is required to file these two copies for several purposes. One is that the appellee may be able "to designate *and file* the parts he desires to have added" to the record. There is express language in the rule that the appellee is *to file* the parts he desires to have added. (I do not quite agree with learned counsel for appellant that appellee can take one of the copies which was filed with the clerk and cut it up in any way he chooses, although, perhaps, he can do that by stipulation and on order.)

It will be noted that paragraph (b) provides that one of the copies so filed shall be available for the use of other parties and for use in the appellate court in printing the record. The second of the two copies filed, in my judgment, is a permanent record in the district court. I think the language of the rule makes it clear that as to such additional parts of the transcript as were not designated by appellant, the duty to prepare and file is on appellee.

I think the second question also is answered by express language in the rule. It concerns the instance when appellee desires to substitute, for appellant's narrative statement, questions and answers. When the appellee is dissatisfied with the narrative statement he may, so the rule says in so many words, "*require* testimony in question and answer form to be *substituted* for all or part thereof," that is to say, all or part of the narrative statement. Something cannot be *substituted* for something else unless that for which the substitution is made is taken out and that which is substituted is inserted in its place. Appellee is authorized by this rule to require testimony in question and answer form to be substituted. Require of whom? Well, it seems obvious that the requirement is to be made of the appellant. The requirement is of that person who must make the substitution and the only person who has put anything in the record in this case for which a substitution is to be made is the appellant. I think it is the duty of appellant to comply with the designation of appellee. If the privileges granted by this rule are abused, provision is made in the rule for punishment for that abuse.

The third question discussed was in what manner the additional parts of the record should be incorporated in the record, the additional parts designated by appellee. It seems to me that the substituted parts must be incorporated in the record at the point at which the substitution is to be made, that an additional part of the testimony of a given witness, where a part has been narrated, should follow immediately the narration, that additional parts, where there has been no narration, should follow the record as designated by appellant.

Such are my views touching the questions that have been submitted. An exception is allowed to any party desiring it.