**UNITED STATES v. BRODBECK, Clerk, United States District Court.**

No. 8293.

Circuit Court of Appeals, Third Circuit.

Argued April 5, 1943.

Decided Jan. 10, 1944.

Alexander Holtzoff, of Washington, D. C. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., Thomas D. Quinn, Administrative Asst. to the Atty. Gen., and Herbert A. Bergson and Harold I. Baynton, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellant.

Robert T. McCracken, of Philadelphia, Pa. (C. Russell Phillips, of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, JONES and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

On September 27, 1939, the District Court of the United States for the Eastern District of Pennsylvania designated Everett G. Rodebaugh as its official court stenographer pursuant to Rule 80(b) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723(c). Rodebaugh has served as the official stenographer for that court up to and including the present time. In 1942 a suit was brought in the District Court for the Eastern District of Pennsylvania by the United States against certain parcels of land in Philadelphia and individuals named Dobbins and Wainwright. We will refer to this suit hereafter as the Wain-

wright suit. Before the Wainwright suit was tried, the United States pursuant to R.S. § 3709, 41 U.S.C.A. § 5, had entered into a contract, after competitive bidding, with Nathan C. Shapiro, a reporter, whereby Shapiro agreed to render reporting services to the United States in the District Court for the Eastern District of Pennsylvania. Prior to the trial of the Wainwright case the District Judge, after discussion with the Administrative Assistant to the Attorney General and with counsel representing Wainwright, announced that any transcript made in the trial of the case by any other than the official stenographer would not be recognized by the court and that the clerk of the court would be directed not to receive such a transcript or to file it as part of the record of the case.

The trial was thereafter proceeded with, Rodebaugh taking the testimony for Wainwright and Shapiro taking the testimony for the United States. Each reporter took down the proceedings in full. The jury rendered a verdict in favor of Wainwright of some $64,000. Judgment was entered on the verdict. Wainwright, dissatisfied with the amount allowed him, appealed to this court. This appeal stands at our No. 8234. He filed with the clerk of the District Court a designation of the matters to be included in the record on appeal. The United States then filed with the clerk a designation of certain additional testimony which it desired to have included in the record on appeal and at the same time tendered to him for filing a transcript of those portions of the testimony taken by Shapiro which it desired to have included. The clerk refused to accept these portions of Shapiro's transcript, stating that he had been directed by the court not to file them because they had not been prepared by the official court stenographer. In his notice of refusal he enclosed an order of the District Court to that effect.

The United States then filed its complaint against the clerk in the suit at bar, requesting that he be directed to accept Shapiro's transcript. After answer, a stipulation of facts was entered into by the parties. The clerk moved for summary judgment and the court dismissed the complaint and entered judgment in his favor. The United States has appealed.

Subparagraph (a) of Rule 75 provides that after an appeal to a circuit court of appeals the appellant shall serve upon the appellee and "file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal" and that "Within 10 days thereafter any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included."[1] As we have stated the appellant, Wainwright, designated the portions of the record, proceedings and evidence which he desired to have contained in the record on appeal. Thereafter, the appellee served and filed its designation of those additional portions of the evidence and the proceedings which it desired to have included. With this designation the appellee tendered to the clerk for filing Shapiro's transcript of those additional portions of the record which it desired to have included.

Subparagraph (b) of Rule 75 provides that if any evidence at a trial was stenographically reported, the appellant "shall file with his designation to copies of the reporter's transcript of the evidence or proceedings included in his designation." We will assume that Wainwright fulfilled his obligation in this respect though neither the pleadings nor the stipulation of facts throw any light upon this point. Subparagraph (b), however, goes on to state, "If the designation includes only part of the reporter's transcript, the appellant shall file two copies of such addition parts thereof as the appellee may need to enable him to designate and file the parts he desires to have added, and if the appellant fails to do so the court on motion may require him to furnish the additional parts needed. One of the copies so filed by the appellant shall be available for the use of the other parties and for use in the appellate court in printing the record." It is clear that it is incumbent upon the appellant to file the additional parts of the reporter's transcript and that there is no duty imposed upon the appellee to furnish the parts of the transcript

---

[1] The applicable rule of this court (Rule 18(1) provides, "The procedure for the preparation of the record on appeal in civil actions is prescribed by Rules 75 and 76 of the Federal Rules of Civil Procedure which are adopted as rules of this court governing the preparation of the record on appeal from the district courts * * * ."

which he desires to have added to the record. If the appellant fails to file the additional parts, the court, on motion of the appellee, may require the appellant to furnish them. Cf. Sonken-Galamba v. Atchison T. & S. F. Ry. Co., D.C., 36 F. Supp. 909, 911.[2]

■■■■ Subparagraph (g) of Rule 75 requires the clerk of the district court to transmit to the appellate court under his hand and the seal of the district court a true copy of the matter designated by the parties. We think it is clear, however, that the matter designated must be supplied by the appellant and that the clerk, at least in the absence of agreement between the parties, is under no duty to certify any other material. Subparagraph (h) of Rule 75 provides that it is not necessary for the record on appeal to be approved by the district court or by a judge thereof, "* * * but, if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." The function of 'the court in respect to the preparation of the record on appeal is limited to correction of the record. The duty to make up the record on appeal is thus left very largely in the hands of the parties and in particular in those of the appellant.

As we construe the provisions of subparagraph (b) of Rule 75 it was the duty of Wainwright to file with the clerk of the court two copies of such additional parts of the reporter's transcript as the appellee needed to enable it to file those parts of the proceedings it desired to have added. In other words, the appellee was required by the rule to designate (as in fact it did) the additional portions of the transcript which it desired to have added to the record on appeal and it then became the duty of the appellant to file those portions of the transcript in order that they might be added to the record on appeal. If Wainwright did not fulfill his duty in this respect, the appellee, by an appropriate motion, had the power to compel him to supply the portions of the transcript which the appellee desired to have included.

Was it the 'duty of the appellant to file Rodebaugh's transcript or Shapiro's transcript? We think that the only duty imposed upon an appellant by subparagraph (b) of Rule 75 is to file a truthful transcript of the testimony taken during the trial of the case. It is not necessary for us to decide whether Wainwright should have filed Rodebaugh's transcript or Shapiro's transcript for this purpose. Obviously, the only transcript which Wainwright had and could file was Rodebaugh's for there is nothing in this record to show that Wainwright had had any contractual relationship whatsoever with Shapiro. It was Wainwright's duty therefore to file those portions of the transcript of the evidence which the appellee wanted to file under its designation.[3] Since Wainwright had only Rodebaugh's transcript he should have filed those portions of it required by the appellee's designation.

■■■■ In our opinion there is nothing in Rule 75 which either requires or authorizes an appellee to offer a transcript to the clerk for filing. We see no reason, of course, why a correct transcript of the proceedings may not be filed by the appellee instead of the appellant, if the appellant agrees to it, and the clerk may then incorporate that transcript in the record certified to the circuit court of appeals, as a result of the agreement. Here there was no agreement. It follows that in the case at bar the clerk had no duty to certify Shapiro's transcript pursuant to subparagraph (g) of Rule 75 when it was

---

[2] Moore's Federal Practice, Cumulative Supplement, Sec. 75.04, p. 257, states, "If the appellant does not designate the entire transcript for the record on appeal and has not narrated the omitted portions, it is the duty of appellee to prepare and 'file' whatever omitted portion he desires to have included; * * * *", citing Sonken-Galamba v. Atchison, T. & S. F. Ry. Co., supra. We think this conclusion is erroneous for the reasons which we have set out.

[3] The parts which the appellee desired added were the testimony of E. Fred Kemner and the charge of the court.

The appellee filed a "Designation of Additional Contents of Record on Appeal". This was addressed to the clerk of the district court and stated in part, "The United States of America, Appellee herein hereby designates the following additional portions of the record proceedings and evidence to be included in the record on appeal herein". A statement of the matters desired to be added followed and the designation closed with the words "Two copies of the transcript prepared by * * * N. Coleman Shapiro, of the evidence herein are hereby tendered for filing with this Designation".

tendered to him by the appellee because it was not filed by the appellant as required by subparagraph (b).

It follows also that the questions so vigorously argued by the parties are not before us for decision. They would be before us if the United States had been the appellant and had attempted to file Shapiro's transcript with the clerk. It would then have been necessary for the court below as well as ourselves to decide the very difficult question of whether Rule 80 of the Federal Rules of Civil Procedure repealed the provisions of R.S. § 3709, 41 U.S.C.A. § 5, by implication or otherwise.

The judgment of the court below is affirmed.