(No. 38313.—

JOSEPH S. NIX, Appellant, *vs.* MARGARET SMITH, Appellee.

*Opinion filed May 20, 1965.*

PETERSON, LOWRY, RALL, BARBER & ROSS, of Chicago, (OWEN RALL and ELROY C. SANDQUIST, JR., of counsel,) for appellant.

OWEN N. PRICE, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an action to quiet title to two unimproved lots in Highland Park. The general taxes for the year 1958 on these lots were not paid, and the property was sold at a tax sale on February 29, 1960, to a purchaser who subsequently assigned his interest to the defendant,· Margaret Smith. The property was not redeemed, and in accordance with section 266 of the Revenue Act of 1939, (Ill. Rev. Stat. 1961, chap. 120, par. 747,) the defendant petitioned the county court of Lake County for the issuance of tax deeds. Thereafter, on March 2, 1962, orders were entered finding that the statutory requirements had been satisfied and directing the issuance of tax deeds. No appeal was taken from these orders. The defendant recorded her deeds on March 21, 1962. The present action was commenced some six months later by the plaintiff, Joseph S. Nix, who was the record owner of the property in 1958. He seeks to have the defendant's tax deeds set aside as clouds upon his title.

The plaintiff concedes that section 266 was fully complied with. His contention is that there were defects in connection with the original proceeding that culminated in the judgment and order of sale in 1960 which nullified

that proceeding, and that the county court therefore lacked jurisdiction to order the issuance of the tax deeds.

The complaint alleged many defects which could have been presented to the court by way of defense to the collector's application for judgment and order of sale. Since the case was decided in the circuit court, and while it was pending upon appeal, this court decided *First Lien Co.* v. *Markle,* 31 Ill.2d 431, in which the court gave effect to section 270 of the Revenue Act of 1939 (Ill. Rev. Stat. 1961, chap. 120, par. 751) and held that such objections were not open in collateral proceedings.

In view of the *Markle* case, the plaintiff now concentrates upon three objections, of which one goes to the jurisdiction of the court to enter the judgment and order of sale, and the others involve matters that occurred subsequent to that judgment. The first objection is that there was no adequate description of the plaintiff's property in the published notice, which is the process upon which the tax sale judgment was entered. The second is that there was no "precept," or process authorizing the sale of the property, as required by section 239 of the Revenue Act of 1939. (Ill. Rev. Stat. 1963, chap. 120, par. 720.) The third objection is that the judgment and order of sale was not entered in the collector's tax judgment, sale, redemption and forfeiture record, as is said to be required by section 232 of the Revenue Act of 1939. (Ill. Rev. Stat. 1963, chap. 120, par. 713.) The defendant denied the allegation of the complaint concerning the insufficiency of the description of plaintiff's property and admitted the factual allegations concerning the other two alleged defects. The circuit court held that none of the objections advanced by the plaintiff were available in this collateral action and dismissed the complaint for want of equity. The plaintiff has appealed directly to this court. The case presents a question arising under the constitution of the United States and of this State.

It is the plaintiff's contention that the judgment of the circuit court deprived him of due process of law. The contention is based upon two lines of decision of this court: first, those opinions that have held that jurisdiction to enter a section 266 order is derivative in that it depends on the jurisdiction originally acquired at the time of the application for judgment and order of sale, (*Cherin* v. *The R. & C. Co.* 11 Ill.2d 447, 454; *Urban* v. *Lois, Inc.*, 29 Ill.2d 542, 546,) and second, those opinions that have described the scope of a hearing under section 266 as limited to an inquiry into compliance with the requirements stated in that section. *Young* v. *Madden*, 20 Ill.2d 506, 511. See also *First Lien Co.* v. *Markle*, 31 Ill.2d 431, 436-7.

Jurisdiction of the county collector's application for judgment and order of sale is acquired by published notice. (Ill. Rev. Stat. 1963, chap. 120, par. 706.) The plaintiff contends that the notice published in this case was defective in that his property was inadequately described, and that the court therefore lacked jurisdiction to order the sale of his property for nonpayment of taxes. He also contends that other defects, which relate to matters not mentioned in section 266, occurred after the entry of the judgment and order of sale and prior to the filing of the petition under section 266, and that they also deprived the court of jurisdiction to order the issuance of the tax deeds. On the ground that the objections that he seeks to raise could not have been raised in the section 266 proceeding, he argues that unless he is permitted to raise them now, in this collateral proceeding, he has been deprived of due process of law.

Section 263 of the Revenue Act of 1939 describes the notices required to be given by a purchaser or his assignee, and provides that no "purchaser or assignee of such purchaser of real estate sold for non-payment of general taxes * * * shall be entitled to a deed" until he has given the notices required by that section. (Ill. Rev. Stat. 1961, chap.

120, par. 744.) Section 266 governs the purchaser's petition for the issuance of a deed. It contains further requirements concerning notice, and continues: "If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of said order, to issue to the purchaser or his assignee a tax deed. If the county court shall refuse to enter an order directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, it shall order the return of the purchase price forthwith as in case of sales in error in all cases where the purchaser or his assignee has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed. * * * Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." Ill. Rev. Stat. 1961, chap. 120, par. 747.

As pointed out by the plaintiff, this court stated in *Young* v. *Madden,* 20 Ill.2d at 511, "Objections that would have been proper in the original proceeding for judgment and sale for taxes are not proper here. * * * The sole issue before the court in this proceeding is whether the statutory conditions subsequent to tax sale have been performed." This statement was quoted in *First Lien Co.* v. *Markle,* 31 Ill.2d at 437, and it is primarily upon the basis of these two cases that the plaintiff contends that the objec-

tions that he now seeks to raise could not have been presented in the section 266 proceeding and that he is therefore entitled to raise them now.

For present purposes, however, the significant thing about these two cases is that neither of them involved an attack upon the jurisdiction of the court to enter the original judgment of sale, or upon the steps taken by the county clerk or the collector after that judgment was entered. A judicial opinion is a response to the issues before the court, and these opinions, like others, must be read in the light of the issues that were before the court for determination. (14 Am. Jur. (Courts) sec. 79.) In *Young* v. *Madden* the only issues raised in the brief of the appellant in this court concerned the propriety of the action of the trial court in refusing extensions of time and continuances, alleged errors with respect to the admission of evidence, and a contention that the evidence failed to sustain the judgment. These are the issues to which this court's opinion was addressed. Similarly, in *First Lien Co.* v. *Markle,* 31 Ill.2d 431, the issue before the court did not relate at all to jurisdictional matters. The decisions relied upon by the plaintiff therefore do not compel the conclusion for which he contends.

The plaintiff asks us to read section 266 as though it prohibited the raising of any objection going to the jurisdiction of the court to issue a tax deed. The statute of course does not contain such a prohibition, and we are not concerned with possible objections to its validity that might arise if it did. It does emphasize compliance with the statutory obligations imposed upon a purchaser if he is to receive a deed. It could fairly be anticipated that those are the matters that would most frequently be raised at such a hearing. The fact that they are specifically enumerated does not, in our opinion, mean that jurisdictional objections are precluded. It is axiomatic that such objections may be raised at any time, and the fact that the statute does not specifically mention them does not indicate an intention to bar them.

The more significant question is whether the General Assembly intended that jurisdictional objections should survive a proceeding for the issuance of a tax deed. The circumstances that prompted the General Assembly to adopt the 1951 amendments with respect to tax deeds have been pointed out. (See, *e.g. Cherin* v. *The R & C. Co.* 11 Ill.2d 447.) The dominant legislative purpose is specifically expressed in the provisions of section 266 that "Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." But that purpose would be nullified if the owner of tax delinquent property is permitted to ignore a proceeding for the issuance of a tax deed, of which he has notice, and then subsequently attack the validity of the deed in a collateral proceeding like the one now before us.

Baldly stated, the plaintiff's position comes to this: A property owner who has not paid the taxes due upon his property may ignore personal notice that his property has been sold for taxes and that a deed will issue unless he effects a redemption by a specified date. Then, perhaps years later, he may attack the validity of the tax deed, not upon the ground that his taxes had actually been paid or that the property was exempt from taxation, but because some official involved in the taxing process has failed to perform his duty with meticulous perfection.

We think that neither the statute nor the requirements of due process of law require such a result. A property owner can hardly be heard to say that he is not aware that annual taxes are a recurrent charge against his property, and that his failure to meet his obligation increases the burden imposed upon other taxpayers.

If we assume that the original published notice was defective and that the appropriate officers did not take all

steps required by the statute, questions upon which we do not pass, we are still of the opinion in this case the requirements of due process have been satisfied by the notice of the impending expiration of the period of redemption and of the date of the application for the issuance of a tax deed. The plaintiff does not deny that he received such a notice.

We hold, therefore, that section 266 afforded the plaintiff adequate opportunity upon appropriate notice to raise the objections now asserted and that the circuit court did not err in dismissing the complaint. The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*