THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, *v.* LA SALLE NATIONAL BANK, Trustee, Defendant-Appellant.

Second District    No. 81-491

Opinion filed December 21, 1981.

Thomas J. Burke and William E. Ryan, both of Burke & Ryan, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Richard A. Redmond, Special Assistant Attorney General, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

In this eminent domain proceeding, we allowed an interlocutory appeal by permission, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308), from an order of the circuit court of Du Page County denying a motion by the defendant-property owners to set a new valuation date for the subject property. The following question of law is presented for resolution:

"Is the Department of Transportation's action of filing a petition to condemn on June 11, 1979, to acquire 21 acres and all access rights to the remainder of the property, and subsequently on April 20, 1981, amending its petition to condemn deleting the taking of all access rights while retaining its request for the 21 acres, equal to the filing of a new petition to condemn requiring a new valuation date for the 21 acres"?

We answer the question in the negative and accordingly affirm the order of the circuit court.

The Department of Transportation of the State of Illinois (Department) commenced this proceeding on June 11, 1979, by filing a petition to

condemn certain property interests of defendants for the purpose of constructing a portion of a limited-access Federal highway. Defendants, La Salle National Bank, as trustee; Crow Hamilton #2, a partnership; Trammell Crow Management Company, Chicago, Inc., a corporation; and Itasca Associates #3, a partnership, own a 274-acre tract of land in Itasca in Du Page County which is bounded on the north by Devon Avenue, on the south by Thorndale Avenue, on the east by Arlington Heights Road and on the west by Interstate 290. The Department's petition sought to take 21 acres from the southeast portion of the 274-acre tract extending from east to west along approximately one-half of the property's southern boundary on Thorndale Avenue. The petition also would have permitted the Department to acquire defendants' access rights from Thorndale Avenue to the remainder of the property.

The Department thereafter sought leave to amend its petition to delete the taking of the access rights to the property from Thorndale Avenue. It stated it no longer needed to foreclose access to the new roadway from defendants' property as the road was not to be a limited-access freeway. On April 20, 1981, over defendants' objections, the trial court allowed the Department to so amend its petition.

Defendants thereupon moved for a finding of abandonment in which they stated the amendment by the Department constituted a new petition entitling defendants to have their property valued for purposes of just compensation at its prevailing market value as of April 20, 1981. An affidavit by Thomas Collins, an appraiser, was offered in support of defendants' motion; he had appraised the property as of June 11, 1979, and found the fair cash value of the 21-acre tract to be $1,972,865 with damage to the remaining 253 acres of $12,999,335. He considered that the major cause of the damage to the remainder resulted from the taking of the access rights to the property from Thorndale Avenue. Defendants argued a loss of approximately 13 million dollars arose from the Department's decision to forego acquisition of the access rights and this evidenced the magnitude of the difference between the initial petition and the petition as amended. They concluded it became essentially a new petition when amended and the valuation date should therefore be advanced.

The trial court granted defendants' motion insofar as it sought a finding that the condemning body had abandoned its request for the access rights it originally sought. However, the court ordered that the valuation date upon which just compensation would be determined was to remain June 11, 1979, when the Department had filed its original petition. The trial court thereafter found pursuant to Supreme Court Rule 308 that a question of law was presented as to which there was substantial

ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. On application, we allowed defendants' interlocutory appeal for consideration of the issue presented.

Defendants contend that the amendment of the Department's original petition by deletion of the taking of defendants' access rights while still seeking to take the same 21 acres sought in the original petition was tantamount to the filing of a new petition. They assert that they will be deprived of 13 million dollars for damages to the remainder of their property by virtue of the Department having abandoned its request for defendants' access rights and, further, that in reliance on the Department's original petition to take their access rights defendants constructed an 80-million-dollar hotel and office project on a portion of the remainder and made formal plans for the balance of their property.

The fair cash market value of property in an eminent domain proceeding is "determined * * * as of the date of filing the petition to condemn." (Ill. Rev. Stat. 1979, ch. 47, par. 9.7.) The date-of-valuation rule as now statutorily enacted is consistent with the prior long-standing view in Illinois that the value of land taken pursuant to the power of eminent domain and the value of the remainder which is damaged although not taken is that existing on the date of the filing of the condemnation petition. (*Department of Public Works & Buildings v. An Association of Franciscan Fathers* (1977), 69 Ill. 2d 308, 314, 371 N.E.2d 616, 618; *Chicago & State Line Ry. Co. v. Mines* (1906), 221 Ill. 448, 457, 77 N.E. 898, 901; *South Park Commissioners v. Dunlevy* (1878), 91 Ill. 49, 54.) The general rule will not be altered merely to accommodate fluctuations in the market value of the property or to take improvements to the property into consideration. (See, *e.g.*, *City of Chicago v. Farwell* (1918), 286 Ill. 415, 121 N.E. 795.) Prevention of unjust enrichment to and unfair penalization of the property owner is the primary reason the time of filing the petition to condemn has been adhered to in this State as the valuation date. *Department of Transportation v. Shaw* (1976), 36 Ill. App. 3d 972, 982, 345 N.E.2d 153, 161, *aff'd in part, rev'd in part on other grounds* (1977), 68 Ill. 2d 342, 369 N.E.2d 884.

Defendants contend an exception to these general principles has evolved where the condemning body has amended its original petition in such a manner it can be said a new petition has effectively been filed and that the time of the amendment is then considered to be the new valuation date. Defendants rely upon three cases in support of their argument.

In *Lieberman v. Chicago & South Side Rapid Transit R.R. Co.* (1892), 141 Ill. 140, 30 N.E. 544, the supreme court considered whether it was error to limit evidence of value of the condemned property offered at

trial to the date of the filing of the original petition when nearly two years later the petition had been amended as to the description of the property to be condemned. It was there stated:

> "[W]e think it to be sufficiently evident that said amendments were in the direction of giving a fuller and more certain description of said property *and not by way of substitution of one parcel of land for another.* \* \* \* [A]n amendment in the direction of giving a fuller, or even a more accurate description, *so long as there is no attempt to substitute other property for that originally described,* can not be held to be tantamount to the filing of a new petition, so as to change the date in respect to which the compensation should be estimated." (Emphasis added). (141 Ill. 140, 150-51, 30 N.E. 544, 548.)

The court adhered to the general rule by affirming the exclusion of evidence directed to a valuation at a time other than the date of filing the original petition.

The supreme court has since considered *Lieberman* once, and in a somewhat different context, in *Department of Public Works & Buildings v. Lanter* (1958), 15 Ill. 2d 33, 153 N.E.2d 552, where the issue concerned attorney's fees. Section 10 of the Eminent Domain Act (Ill. Rev. Stat. 1955, ch. 47, par. 10) provided, as it does now, for an award of attorney's fees and costs to the property owner incurred in defense of a condemnation action where the condemning body has dismissed its petition before an order setting just compensation has been entered. The original petition in *Lanter* sought to take the owners' access rights to their property and allow them access to their property only for residential and agricultural purposes. However, the petition was subsequently amended to permit additional access via a service road, and the amendment also sought to take five acres of land. The trial court awarded the property owners fees and costs, and the supreme court affirmed, relying in substantial part upon the rationale set forth in *Lieberman* that an amendment substituting other property for that originally described will be deemed tantamount to a new petition. The court considered that the amendment was, in effect, a new petition and that the original petition had been abandoned within the meaning and purpose of section 10 of the Act providing for fees and costs.

Defendants rely most heavily upon another case which is also directed to the separate question of attorney's fees. *People ex rel. Department of Transportation v. Northern Trust Co.* (1978), 59 Ill. App. 3d 1053, 376 N.E.2d 286, *appeal denied* (1978), 71 Ill. 2d 614, considered an appeal by the condemnor from an order awarding fees and costs to the owner under section 10 of the Act; the appellate court affirmed, quoting *Lanter's* discussion of the *Lieberman* opinion that an amendment substituting other property for that originally described would be deemed

tantamount to a new petition. In *Northern Trust* the original petition had sought 312.5 square feet of property, but it was later amended to take only 50 square feet in a corner of the lot where the taking would not substantially interfere with the owner's use of the remainder of the property. The Department argued *Lanter* was distinguishable because the amendment reduced the square footage to be taken, reduced from $18,700 to $750 the potential award to be made to the owner and eliminated the question of damage to the remainder. The reviewing court rejected this view, holding that "the filing of the amended petition for less than one-sixth of the area encompassed by the original petition as well as the taking of a portion of the defendant's property which would result in no damage to the remainder, thus saving the State approximately $14,500 in damages, is tantamount to the filing of a new petition." 59 Ill. App. 3d 1053, 1055, 376 N.E.2d 286, 287-88.

Defendants here contend the Department's amendment was tantamount to a new petition because it substituted the property interests to be taken from that sought in the original petition rather than merely describing the same property more accurately. The Department replies that their amendment did not substitute any property for that originally sought but merely deleted a taking of access rights while continuing its effort to condemn the identical 21 acres sought in the original petition. Defendants suggest that the *Lieberman* and *Lanter* cases as construed in *Northern Trust* make the filing of an amendment deleting property originally sought, without adding new or different property, tantamount to the filing of a new petition thus requiring a new valuation date be set.

We do not find a basis in the cases relied upon by defendants to deviate from the long-standing rule for valuing property as of the date of filing the original petition where, as here, no new or additional property is sought in the amended condemnation petition. The *Lieberman* and *Lanter* opinions must be read as authority only for that which the court decided under the particular facts there presented. (*Nix v. Smith* (1965), 32 Ill. 2d 465, 470, 207 N.E.2d 460, 463; *Lustfield v. Chicago Transit Authority* (1951), 408 Ill. 404, 412, 97 N.E.2d 347, 351.) This is especially true where defendants seek to engraft an exception onto a statute providing for a contrary result (see Ill. Rev. Stat. 1979, ch. 47, par. 9.7), and which statute is consistent with more than 100 years of supreme court precedent. (*South Park Commissioners v. Dunlevy* (1878), 91 Ill. 49, 54.) Neither of those cases considered a petition amendment which merely deleted a portion of the property originally sought without adding the taking of any new interest or property.

Only the *Northern Trust* case may be read as holding that an amendment which merely deletes property to be taken should be deemed

a new petition. It is arguable, however, from the language of that opinion that all of the 50 square feet sought in the amended petition were not a part of the initial 312.5 square feet sought to be condemned, but may have involved the addition of property. In our view, if the *Northern Trust* court held that the mere deletion of property from an original petition by amendment constitutes a "substitution"[1] of property so as to permit a new valuation date to be used in valuing the property, that would be an unwarranted extension of *Lanter*. In *Lanter*, the amended condemnation petition altered the original taking of the owners' access rights to their property, but it also added the taking of five acres not sought in the original petition.

The *Lanter* and *Northern Trust* cases are also distinguishable in that each was limited to a consideration of an award of attorney's fees pursuant to another statute. In the present case the trial court found defendants were entitled to fees and costs on grounds the Department abandoned its claim to their access rights. Defendants suggest that as the Department did not cross-appeal from that order it must be considered a dismissal of the original petition and the petition, as amended, as new. However, that order[2] is not before us on this limited interlocutory appeal (see *Zettel v. Paschen Contractors, Inc.* (1981), 100 Ill. App. 3d 614, 427 N.E.2d 189), and it may yet be the subject of an appeal from the final judgment in this cause.

We have also considered two cases in which the courts declined to follow the general rule of valuation as of the date of filing the original petition. In *Sanitary District v. Chapin* (1907), 226 Ill. 499, 80 N.E. 1017, the supreme court affirmed the dismissal of a condemnation proceeding where the petition was filed, but the property owner was not served with notice until four years later. During the unexplained delay the property greatly increased in value and, in that circumstance, the court held that when the petitioner refused to agree to a later valuation date dismissal of the petition was proper and the condemning body would have to file a new petition which would fix a new valuation date. In the present case, at most, *Chapin* is relevant to the order granting the Department leave to amend its petition which is outside the scope of our limited review herein. Nor do we believe defendants are aided on this appeal by *Illinois Cities Water Co. v. City of Mt. Vernon* (1957), 11 Ill. 2d 547, 144 N.E.2d 729,

---

[1] We note that a "substitution" requires both a taking out of one thing and inserting something else in its place; a deletion is distinct from a substitution, as the latter connotes adding something to replace that which is removed or abolished. See *State ex rel. Woolsey v. Morgan* (1940), 138 Neb. 635, 294 N.W. 436; *Sonken-Galamba v. Atchison, Topeka & Santa Fe Ry. Co.* (W.D. Mo. 1941), 36 F. Supp. 909; see also *Toledo Edison Co. v. McMaken* (6th Cir. 1939), 103 F. 2d 72; *Friedle v. First National Bank* (Cty. Ct. N.Y. 1927), 129 Misc. 309, 221 N.Y.S. 292.

[2] The order awarding fees and costs, if in fact entered, is not found in the record.

where the court held that improvements necessarily made to property in good faith after condemnation is sought should be included in the value of the property taken or damaged. This case is distinguishable for the same reason as *Lanter*: both involved additional property being taken than was sought in the original petition, whereas here the Department is taking a lesser interest in the same property it sought originally.

Defendants have also contended that they will be deprived of 13 million dollars in damages to the remainder of their property because the Department is no longer seeking to take their access rights and that an award of attorney's fees will not fully compensate them for this "loss." A property owner is entitled to compensation only for property taken or damaged, and preliminary procedures which do not constitute a taking or cause damage ordinarily do not provide a basis for an award of compensation. (See *City of Chicago v. Loitz* (1975), 61 Ill. 2d 92, 329 N.E.2d 208; *Chicago Housing Authority v. Lamar* (1961), 21 Ill. 2d 362, 172 N.E.2d 790.) In any event, it seems apparent that the question of damages to the remainder of defendants' property caused by the taking is a matter to be determined in trial of the issue of just compensation. See *Department of Transportation v. Association of Franciscan Fathers* (1981), 93 Ill. App. 3d 1141, 418 N.E.2d 36.

Defendants also note that in the period between the filing of the original petition by the Department and its amendment an 80-million-dollar hotel and office complex was constructed on the 253-acre remainder in reliance upon the original petition. It is well established that a condemning body may abandon or dismiss its proceeding in whole or in part prior to payment of compensation. (*E. g., Commissioners of Lincoln Park v. Schmidt* (1944), 386 Ill. 550, 54 N.E.2d 525.) Defendants' arguments appear to be directed to the correctness of the order of the trial court which permitted the Department to amend its petition and are not within the scope of the limited review we have undertaken pursuant to Supreme Court Rule 308.

Accordingly, we resolve the question of law presented in the negative and affirm the order of the trial court which refused to set a new valuation date.

Affirmed.

HOPF and LINDBERG, JJ., concur.